U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

MAR 1 6 2007

ROBERT H. SHEMWELL, CLERK
BY _____
              DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JENNIFER BRUNEY RICHARD, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF DEWEY BRUNEY AND ALL OTHERS SIMILARLY SITUATED | : | DOCKET NO. 2:06 CV 1452 |
| VS. | : | JUDGE MINALDI |
| WAL-MART STORES, INC. AND WAL-MART STORES, INC. CORPORATIONN GRANTOR TRUST, THROUGH WACHOVIA BANK OF GEORGIA, N.A. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is a Motion To Dismiss [doc. 33] the plaintiff's First Amended Class Action Complaint.  The plaintiff has opposed this motion.

### Rule 12(b)(6) Standard

On a F.R.Civ.P. Rule 12(b)(6) motion, the Court must view the plaintiff's complaint in the light most favorable to the plaintiff and must accept as true all of the factual allegations in the complaint.[1]  The motion will be denied if the allegations support relief on any possible theory.[2]  The court will "bend over backwards to avoid granting a 12(b) motion to dismiss."[3]

"The court's inquiry is directed to whether the allegations constitute a statement of a claim

---

[1]     *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 113 S.Ct. 1160, 1161 (1993).

[2]     *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994).

[3]     *McCann v. Texas City Refining, Inc.*, 984 F.2d 667, 673 (5th Cir. 1993).

under Rule 8(a)."[4]  All that is required is that the petition include "a short and plain statement of the claim that gives the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests."[5]

There is no requirement that the plaintiff "set out in detail the facts upon which he bases his claim."[6]  General factual allegations are sufficient and the court "will presume that general allegations embrace those specific facts that are necessary to support the claim."[7]  However, conclusory allegations concerning the legal affect of the events alleged do not have to be accepted by the court.[8]

Facts

The plaintiff filed this putative class action alleging that in late 1993, Wal-Mart stores instituted a program in which it purchased company-owned life insurance ("COLI") policies on its employees.[9]  The plaintiff alleges that Wal-Mart Stores, Inc. Corporation Grantor Trust, through Wachovia Bank of Georgia, N.A. ("The Trust") was designated as a beneficiary in these policies, that all insurance proceeds on these policies were paid to The Trust, and that the plaintiff's decedent, former Wal-Mart employee Dewey Bruney, did not consent in writing to the policy insuring his

---

[4]        Wright & Miller, Federal Practice and Procedure Civil 2d, §1357 at n.11; *Leatherman*, supra at 1163.

[5]        *Leatherman*, supra at 1163 (Quoting *Conley v. Gibson*, 78 S.Ct. 99, 103 (1957)).

[6]        *Leatherman*, supra at 1163.

[7]        *National Organization for Women, Inc. v. Scheidler*, 114 S.Ct. 798, 803 (1994) (quoting *Lujan v. Defenders of Wildlife*, 112 S.Ct. 2130, 2137 (1992)).

[8]        Wright & Miller, Federal Practice and Procedure: Civil 2d §1357, pp. 311-21.

[9]        Complaint ¶¶ 6-8.

2

life.[10] The plaintiff alleges that because Wal-Mart did not have an "insurable interest," as defined by La. R.S. Ann. § 22:613, the plaintiff, and those parties similarly situated, are entitled to recover all benefits that Wal-Mart Stores and/or The Trust received on the COLI life insurance policies.[11] Additionally, the plaintiff, on her own behalf and on behalf of those similarly situated, alleges entitlement to all the benefits that Wal-Mart Stores and/or The Trust received under the theory of unjust enrichment.[12]

Law

The defendants argue that the plaintiff does not properly allege that she is a member of the class of persons to whom a remedy is afforded under La. R.S. 22:613(A) and that the plaintiff fails to properly allege elements of her unjust enrichment claim.

La. R.S. 22:613 states:

A. Any individual of competent legal capacity may procure or effect an insurance contract upon his own life or body for the benefit of any person. But no person shall procure or cause to be procured any insurance contract upon the life or body of another individual unless the benefits under such contract are payable to the individual insured or his personal representatives, or to a person having, at the time when such contract was made, an insurable interest in the individual insured.

B. If the beneficiary, assignee or other payee under any contract made in violation of this Section receives from the insurer any benefits thereunder accruing upon the death, disablement or injury of the individual insured, the individual insured or his executor or administrator, as the case may be, may maintain an action to recover such benefits from the person so receiving them.

La. R.S. 613 provides that, to assert a claim to recover insurance benefits, a party must be the

---

[10]     *Id., see also* Complaint ¶¶ 14-15, 24.

[11]     Complaint ¶¶ 17, 25.

[12]     Complaint ¶ 27.

3

insured individual, his executor or administrator.  In the First Amended Complaint, the plaintiff alleges that she is "the Administrator of the Estate of Dewey Bruney" and that she "sues on behalf of the Estate of Dewey Bruney, deceased."[13]

Federal Rules of Civil Procedure Rule 17 states, in pertinent part:

**(a) Real Party in Interest.** Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought...

Federal Rules of Civil Procedure Rule 9 states:

**(a) Capacity.** It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the party desiring to raise the issue shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.[14]

The defendants argue that the plaintiff's assertion that she is  the administrator of the estate is conclusory and insufficient.  The defendants argue that the plaintiff must plead facts showing that she has the necessary standing to pursue this case.

---

[13]    Complaint ¶2

[14]    Corresponding Louisiana law states: "It is not necessary to allege the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of a legal entity or an organized association of persons made a party. Such procedural capacity shall be presumed, unless challenged by the dilatory exception." LAPRAC-CP ART 855

The plaintiff has sufficiently alleged capacity.[15]  In a F.R.Civ.P. Rule 12(b)(6) motion, the Court must view the plaintiff's complaint in the light most favorable to the plaintiff and must accept as true all of the factual allegations in the complaint.[16] The complaint includes "a short and plain statement of the claim that gives the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests."[17]  The plaintiff is not required to prove her capacity to sue in a motion to dismiss.[18]

The defendants also assert that the plaintiff has failed to allege "and certainly cannot prove" unjust enrichment. A Motion to Dismiss focuses on allegations not the ability to prove a claim. The doctrine of unjust enrichment, otherwise known *as actio de in rem verso*, is codified by La.Civ.Code art. 2298, which provides:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

A party seeking to recover pursuant to this theory bears the burden of proving five elements:

---

[15]     The case style for the First Amended Class Action Complaint reads "Jennifer Bruney Richard, as the Administrator of the Estate of Dewey Bruney..." The first line of the text alleges that Jennifer Richard is bringing suit as "the Administrator of the Estate of Dewey Bruney..." The complaint further alleges that she was "married to Dewey Bruney at the time of his death, is the Administrator of the Estate of Dewey Bruner, deceased, and sues on behalf of the Estate."

[16]     *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 113 S.Ct. 1160, 1161 (1993).

[17]     *Leatherman*, supra at 1163 (Quoting *Conley v. Gibson*, 78 S.Ct. 99, 103 (1957)).

[18]     If the defendants have reason to doubt this capacity a Motion for Partial Summary Judgment would be the proper vehicle to introduce evidence of or against capacity.

(1) an enrichment of the defendant;

(2) an impoverishment of the plaintiff;

(3) causation between the enrichment and the impoverishment;

(4) an absence of justification or cause for either the enrichment or the impoverishment; and

(5) no other remedy available at law.[19]

The First Amended Class Action Complaint alleges an Alternative Claim for Unjust Enrichment.[20] The defendants assert that the allegation of unjust enrichment as an alternative is evidence of another remedy at law which would bar the claim under element five above. Fed. R. Civ. P. 8(e)(2), however, permits alternative pleadings. Louisiana law clearly permits unjust enrichment to be pleaded in the alternative.[21] The defendants did not argue that the plaintiff failed to allege all five elements of the unjust enrichment claim.

The fact that the defendants do not believe that the plaintiff will prevail on the merits of this claim is not relevant at this stage of the proceeding.

Accordingly, the defendants' Motion to Dismiss the plaintiff's First Amended Class Action

---

[19]        *Moroux v. Toce,*  943 So.2d 1263, 1273, 2006-831 , **14-15 (La.App. 3 Cir., 2006); *Bieber-Guillory v. Aswell,* 98-559 (La.App. 3 Cir. 12/30/98), 723 So.2d 1145.

[20]        Complaint, Count 2, pg. 5.

[21]        See *Lehman v. Normand,* 2006 WL 3107778, 2006-0039 (La. App. 1 Cir. 11/3/06); *Carriere v. Bank of Louisiana,* 702 So.2d 648, 1996 WL 931634 (La. 12/13/96); *Holland v. Holland,* 539 So.2d 1011 (la. App. 4 Cir. 2/28/1989).

6

Complaint will be denied.

Lake Charles, Louisiana, this ___ day of March, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

7