UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JENNIFER BRUNEY RICHARD, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF DEWEY BRUNEY AND ALL OTHERS SIMILARLY SITUATED | * * * | CIVIL ACTION NO. 2006-1452 |
| VS. | * * | JUDGE MINALDI |
| WAL-MART STORES, INC., AND WAL-MART STORES, INC. CORPORATION GRANTOR TRUST, THROUGH WACHOVIA BANK OF GEORGIA, N.A. | * * * | MAGISTRATE JUDGE WILSON |
| * * * * * * * * * * * * | * | JURY TRIAL |

**REPLY BRIEF IN FURTHER SUPPORT OF WAL-MART'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT**

**MAY IT PLEASE THE COURT:**

This reply brief is necessary to refocus the discussion concerning plaintiff's unjust enrichment claim. The multitude of issues addressed in plaintiff's response concern the "background" surrounding the COLI program supplied by Wal-Mart. However, Wal-Mart intended only to provide the Court with the context within which plaintiff asserts her claim for unjust enrichment. The dispositive issue, as this Court has already observed, is whether plaintiff can satisfy the requisite elements of her cause of action. Because she cannot, Wal-Mart's motion for partial summary judgment must be granted. The remainder of plaintiff's opposition – including her quibbles with Mr. Emerick's testimony – are irrelevant.

With regard to the essential "impoverishment" component of her unjust enrichment claim, plaintiff theorizes that she has been impoverished in the following manner:

> *Dewey had a property interest in the information that Wal-Mart took and the right to its exclusive use, which he was entitled to transfer by license or otherwise.*

> *Dewey and his estate were therefore "impoverished" when Wal-Mart took his intangible property without a license or consideration.*

(*See* The Bruney Estate's Response to Wal-Mart's Motion for Partial Summary Judgment, p. 2.) This impoverishment theory could be considered novel, had it not been previously asserted and rejected by no less than four different courts, and adopted by none. This very same theory was rejected by the United States District Court for the District of New Hampshire;[1] the United States District Court for the Northern District of Oklahoma,[2] the United States Court of Appeals for the Tenth Circuit,[3] and, most recently, the United States District Court for the Southern District of Texas.[4]

There is nothing different or peculiar about Louisiana law that would differentiate these decisions from the issue currently before the Court. If anything, the equitable remedy of unjust enrichment is even more "extraordinary" in Louisiana than it is in the common law. *V & S Planting Co. v. Red River Waterway Commission*, 472 So.2d 331, 335 (La.App. 3 Cir.), *writ denied,* 475 So.2d 1106 (La. 1985) ("this is the principle of 'subsidiarity' by which the extraordinary remedy of unjustified enrichment, not provided by the Civil Code, is regarded as unavailable where another legal remedy could have prevented the impoverishment.").

---

[1] *Rice v. Wal-Mart Stores, Inc.*, No. 02-390, 2003 WL 22240349 (D.N.H. Sept. 30, 2003) (mere use of plaintiffs' status as employees to purchase insurance policies on their lives is not the kind of conduct that gives rise to a viable commercial appropriation claim).

[2] *Lewis v. Wal-Mart Stores, Inc.*, No. 02-0944, 2005 WL 3263377 (N.D. Okla. Dec. 1, 2005) (rejecting plaintiffs' impoverishment theory, and granting summary judgment in favor of Wal-Mart on plaintiffs' unjust enrichment claim).

[3] *Tillman v. Camelot Music, Inc.*, 408 F.3d 1300, 1309 n. 9 (10th Cir. 2005) (rejecting plaintiffs' impoverishment theory, and affirming dismissal of plaintiffs' unjust enrichment claim).

[4] *Meadows v. Hartford Life Insurance Company*, H-05-2209, 2006 WL 2336913 (S.D. Tex. Aug. 10, 2006) (dismissing plaintiffs' misappropriation of identity claim and related torts).

Plaintiff's theory of impoverishment is a fiction. The wholly unrealistic suggestion that Dewey Bruney was deprived of a legitimate opportunity to earn a "fee" from Wal-Mart for the use of his personal information mocks the type of real impoverishment that the extraordinary remedy of unjust enrichment is designed to redress. Moreover, the *tort* plaintiff attempts to pawn off as "impoverishment" falls under the umbrella of La. Civil Code art. 2315, rendering the equitable remedy of unjust enrichment unavailable in any event. That is, plaintiff improperly alleges a *cause of action* as her impoverishment, not an out-of-pocket loss.

Plaintiff is now past the pleading stage. It is no longer enough to simply allege a theoretical possibility of recovery. While a Court may bend over backwards to deny a 12(b)(6) dismissal, plaintiff does not enjoy the same liberal standard under Rule 56(c). Reality dictates that plaintiff cannot sustain her claim for unjust enrichment, and Wal-Mart's Motion for Partial Summary Judgment should be granted.

## I.     Plaintiff Cannot Prove an Impoverishment.

Initially, it should be noted that it is plaintiff that bears the burden of proof. Proof requires *evidence* of the impoverishment, not hypothetical speculation about theoretical loss.

> *Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Factual controversies are to be resolved in the favor of the nonmovant, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. The Court will not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. When the nonmovant has the burden of proof at trial, he must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial. If the nonmovant cannot meet this burden, the motion for summary judgment must be granted.*

*Maranto v. CitiFinancial Retail Serv., Inc.*, 448 F.Supp.2d 758, 760 (W.D. La. 2006) (emphasis added) (internal citations omitted); *see also O'Rear v. Unum Life Ins. Co. of America*, No. 2:05-CV-0086, 2006 WL 2457096, at *1 (W.D. La. Aug. 21, 2006) ("party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings").

**The only "evidence" that is before this Court shows that the COLI policy taken out on Dewey Bruney's life cost him absolutely nothing.** Indeed, it is uncontested that Mr. Bruney paid nothing for the policy. While plaintiff fantasizes about unrealized licensing fees, she has introduced no *evidence* that her husband's alleged right to charge such a fee had an independent and quantifiable value associated with it. Just as lost profits must be proven with certainty, Mr. Bruney's alleged lost opportunity to charge a fee for the use of his personal information must have some intrinsic, quantitative value; otherwise, there are no damages and Wal-Mart's alleged deprivation of Mr. Bruney's right is not actionable. *Slocum v. Sears Roebuck & Co.*, 542 So.2d 777, 779 (La.App. 3 Cir. 1989) ("Louisiana unlike common law does not award nominal damages for the mere invasion of a right, no actual damage having resulted."). Because plaintiff's alleged impoverishment is hypothetical, there being no evidence of a market for licensing the identity of Dewey Bruney, plaintiff cannot satisfy her burden of proving that actual damage resulted from Wal-Mart's conduct. "Fault alone does not produce recovery. It is the fault which *causes* some damage that produces recovery or reparation for the damage." *Id.* (emphasis in the original) (holding that an appropriation of an individual's name or likeness, while technically an invasion of privacy, was not actionable where there was no evidence of actual damage).

Even the RESTATEMENT OF TORTS, upon which plaintiff exclusively relies, preconditions the imposition of liability on the existence of some value associated with the misappropriation. "In order that there may be liability under the rule stated in this Section, the defendant must have

appropriated to his own use or benefit <u>the reputation, prestige, social or commercial standing, public interest or other *values* of the plaintiff's name or likeness</u>." RESTATEMENT (SECOND) OF TORTS, § 652C cmt. c (1977) (emphasis added) ("Until the *value* of the name has in some way been appropriated, there is no tort."); *see also Meadows v. Hartford Life Insurance Company*, H-05-2209, 2006 WL 2336913 (S.D. Tex. Aug. 10, 2006) ("[T]ortious liability for appropriation of a name or likeness is intended to protect *the value of an individual's notoriety or skill*."). There simply is no *evidence* of *value* of the type contemplated by the tort, and the instant case is clearly distinguishable from those contained in the RESTATEMENT.

In reality, of course, the entire concept is utterly ridiculous. The voluntary nature of the COLI program belies any suggestion that participation by any one particular employee had any independent or intrinsic value. Plaintiff has not satisfied her burden of proving *real* impoverishment, and it is not surprising that every court to have considered plaintiff's impoverishment theory has summarily rejected it.

II.     **Plaintiff's Theory Fails to Connect the Impoverishment with the Enrichment.**

An essential element of unjust enrichment is the connection between the impoverishment and the enrichment. *Baker v. Maclay Properties Co.*, 94-1529 (La. 1/17/95), 648 So.2d 888, 897. Pretermitting the issue of enrichment – which Wal-Mart not only denies, but has conclusively disproved – plaintiff's theory of unjust enrichment has yet another glaring hole. There is no connection between the alleged enrichment – insurance proceeds – and the alleged impoverishment – a licensing fee for the use of Dewey Bruney's identity. To illustrate, under plaintiff's paradigm, in order to satisfy the connectivity element, Wal-Mart's alleged profit must have resulted from the <u>value associated with Dewey Bruney's likeness</u>, as that <u>value</u> is plaintiff's alleged measure of impoverishment. But that is not accurate under even plaintiff's view of the case. According to plaintiff's allegations, Wal-Mart profited from insurance proceeds – not any

special reputation, skill, notoriety, or prestige personally associated with Mr. Bruney and peddled by Wal-Mart for a profit. There simply is no connection between plaintiff's theory of impoverishment and her allegations of enrichment. Thus, plaintiff has failed to satisfy yet another requisite element of the claim.

### III. The Underlying Tort of Misappropriation Precludes the Equitable Remedy of Unjust Enrichment.

Although careful to avoid the words "invasion of privacy," plaintiff's theory of impoverishment is nothing more than the tort of misappropriation recast as the impoverishment element of her unjust enrichment claim. Indeed, the sole legal authority cited by plaintiff for this proposition is the RESTATEMENT (SECOND) OF TORTS. The theory is grounded in the concept of misappropriation of one's name or likeness, one of the four invasion of privacy torts recognized in Louisiana. *Slocum*, 542 So.2d at 778 ("Tort actions for invasion of privacy are recognized in Louisiana."). In fact, plaintiff's own counsel has previously described what is now being referred to as an impoverishment as *"a classic example of an invasion of privacy."* Plaintiffs' Response to Wal-Mart's Supplemental Brief in Support of its Motion for Partial Summary Judgment, *Lewis v. Wal-Mart Stores, Inc.*, 02cv0944, (N.D. Okla.), Dock. No. 143, p. 19.

The significance, of course, is that unjust enrichment is unavailable where the law provides an adequate remedy. *Coastal Environ. Specs., Inc. v. Chem-Lig Int'l, Inc.*, No. 2000-1936 (La.App. 1 Cir. 11/09/01); 818 So.2d 12, 19 ("An action for unjust enrichment is allowed only when the plaintiff has no other remedy at law. However, where there is a rule of law directed to the issue, an action must not be allowed to defeat the purpose of said rule."). Unjust enrichment is only applicable to "fill a gap in the law where no express remedy is provided." *Id.* The fact that the very same theory plaintiff now advances to establish an impoverishment has been affirmatively asserted as a stand-alone tort – by the very same counsel, no less –

demonstrates that there is no "gap in the law," and precludes this Court from invoking its equitable jurisdiction.

*Meadows v. Hartford Life Insurance Company*, H-05-2209, 2006 WL 2336913 (S.D. Tex. Aug. 10, 2006), the most recent decision rejecting plaintiff's theory, is instructive. In *Meadows*, the plaintiff (represented by plaintiff's counsel herein) asserted the identical theory of misappropriation of personal information to establish a COLI policy on his life. Specifically, the *Meadows* plaintiff, like the plaintiff in this case, alleged that the unauthorized use of his name, Social Security number, date of birth, and other "intangible personal property" constituted a misappropriation of his identity – an invasion of privacy tort. Although the claim was dismissed because Mr. Meadows, like Mr. Bruney, had no demonstrated intrinsic monetary value associated with his personal identity, the point is that there exists – at law – a remedy for misappropriation of one's identity.

Plaintiff's theory of impoverishment in this lawsuit – which happens to be the same theory articulated in *Meadows, Lewis, and Tillman* – is nothing more than a separate tort disguised as unjust enrichment. The *Lewis* Court recognized this somewhat obvious ploy when it granted Wal-Mart summary judgment on plaintiffs' unjust enrichment claim, holding:

> <u>The Court views this argument</u> ["that Wal-Mart was enriched by taking the statutory right from its employees when it used their personal information, obtained through the employer/employee relationship, to insure its employees' lives without there consent"] <u>as another version of plaintiffs' misappropriation claim, which would lend credence to the Tenth Circuit's point: where an adequate remedy at law is available to plaintiffs through another claim, the court should not invoke its equitable jurisdiction to address the unjust enrichment issue.</u>

*Lewis v. Wal-Mart Stores, Inc.*, No. 02-0944, 2005 WL 3263377 (N.D. Okla. Dec. 1, 2005) (emphasis added) (granting summary judgment in favor of Wal-Mart on plaintiffs' unjust enrichment claim).

The *Tillman* Court likewise recognized the availability of an adequate remedy at law, unequivocally declaring: "Plaintiff not only claims violation of statute as a basis for the unjust enrichment claim, but also claims Camelot improperly used confidential information to obtain the COLI policy. Had Plaintiff properly pled invasion of privacy as one of the bases for the unjust enrichment claim, Plaintiff may have had another adequate remedy at law." *Tillman v. Camelot Music, Inc.*, 408 F.3d 1300, 1309 n. 9 (10th Cir. 2005).

Plaintiff's attempts to distinguish *Tillman* and *Lewis* on the basis of procedural posture demonstrate plaintiff's failure to grasp the subsidiary nature of unjust enrichment. Plaintiff asserts that the *Tillman* case is of no help to Wal-Mart because the Tenth Circuit had *already* ruled upon the merits of the statutory claim when it dismissed the equitable claim, and that *Lewis* simply followed suit. Thus, according to plaintiff, once the Tenth Circuit decided the merits of the insurable interest claim, "it accordingly held that the estate had no claim for unjust enrichment because it had an adequate remedy at law." (The Bruney Estate's Response to Wal-Mart's Motion for Partial Summary Judgment, p. 15.) In other words, plaintiff seeks to equate "*available* remedy at law" with "*viable* remedy at law." But they are not the same.

The question of whether or not a plaintiff may ultimately prevail under a legal remedy has absolutely no bearing upon the application of equity jurisdiction. **Unjust enrichment is designed to fill a gap in the law, not provide an alternative theory of recovery if the legal remedy should be unsuccessful.** For example, in *Coastal Environ. Specs., Inc. v. Chem-Lig Int'l, Inc.*, No. 2000-1936 (La.App. 1 Cir. 11/09/01), 818 So.2d 12, the plaintiff (Coastal) urged an alternative theory of recovery under unjust enrichment when it became apparent that any judgment actually obtained against defendant [Chem-Lig] would be worthless. The First Circuit, noting that unjust enrichment principles are only applicable to fill a gap in the law where no express remedy is provided, held: "Whether Coastal can succeed in recovering and collecting in

- 8 -

its suit against Chem-Lig is not determinative. Clearly, a legal remedy is available to Coastal. There is no 'gap in the law' that prevents Coastal from recovering from Chem-Lig." *Id.* at 20 (further noting that "[t]he ease of attaining a remedy is not a sufficient reason to apply unjust enrichment").

Plaintiff's timing argument that this Court may ultimately dismiss her claim for unjust enrichment, but cannot do so unless and until there has been a decision on the merits of La. R.S. 22:613, is simply wrong. **Plaintiff's ultimate ability to recover on her statutory claim is not dispositive.** It is the mere existence of that legal remedy that ends all debate. *Coastal*, 818 So.2d at 20. The success or failure of the legal claim is completely irrelevant. Indeed, in many instances, unsuccessful plaintiffs turn to unjust enrichment precisely because the legal cause of action failed. However, the subsidiary nature of unjust enrichment precludes the application of equity even in these instances. *See Kilpatrick v. Kilpatrick*, No. 27,241 (La.App. 2 Cir. 8/23/95); 660 So.2d 182, 187, *writ denied,* No. 95-2579 (La. 12/15/95); 664 So.2d 444 ("Having failed to avail himself of this legal remedy, [plaintiff] cannot now resort to unjust enrichment to rectify his error."); *McPherson v. Shell Oil Co.*, 584 So.2d 373, 376 (La.App. 4 Cir. 1991) ("[P]laintiff had a legal remedy which he waived. Having done so, he cannot rescue himself from his predicament by resorting to the doctrine of unjust enrichment which has no application to a situation where there was a legal remedy.").

Alternative pleading may have enabled plaintiff to survive a 12(b)(6) dismissal of the unjust enrichment claim, but under Rule 56, she cannot maintain a cause of action for unjust enrichment where, as here, there very clearly exists a remedy at law. *Tillman*, 408 F.3d at 1309; *Lewis*, 2005 WL 3263377 at *21; *see also Sal Ciolino and Assoc. v. First Extended Serv. Corp.*, No. CIV.A. 04-3360 c/w CIV.A. 05-0251, CIV.A. 05-0252, 2006 WL 2375591, at *4 (E.D.La.

Aug. 11, 2006) (granting defendant partial summary judgment and holding that "[t]he unjust enrichment remedy is unavailable because plaintiff has pleaded an alternative remedy at law.").

## CONCLUSION

Plaintiff has failed to meet her summary judgment burden of proving impoverishment. The bottom line is that the COLI program cost Dewey Bruney nothing. Everything else is unrealistic theory – the same theory that has been summarily rejected by every court in which it has been offered. Without any evidence of impoverishment, and there being no gap in the law to fill with equity, plaintiff's unjust enrichment claim must be dismissed.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**

By: /s/ Matthew A Woolf
NANCY SCOTT DEGAN (#1819)
PAUL L. PEYRONNIN (#17744)
MATTHEW A. WOOLF (#27146)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170-3600
Telephone (504) 566-5200
Facsimile (504) 636-4000

**ATTORNEYS FOR WAL-MART STORES, INC., WAL-MART STORES, INC. CORPORATION GRANTOR TRUST, and WACHOVIA BANK OF GEORGIA, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via CM/ECF electronic delivery or United States mail, to all known counsel of record, this 16th day of May, 2007.

By: /s/ Matthew A. Woolf