RECEIVED
IN LAKE CHARLES, LA
NOV 3 0 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JENNIFER BRUNEY RICHARD, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF DEWEY BRUNEY AND ALL OTHERS SIMILARLY SITUATED | : | DOCKET NO. 2:06 CV 1452 |
| VS. | : | JUDGE MINALDI |
| WAL-MART STORES, INC., AND WAL-MART STORES, INC. CORPORATION GRANTOR TRUST, THROUGH WACHOVIA BANK OF GEORGIA, N.A. | : | MAGISTRATE JUDGE WILSON |

## AMENDED MEMORANDUM RULING

Before the court is a Motion For Summary Judgment on the Basis of Liberative Prescription, filed by defendant Wal-Mart Stores, Inc. ("Wal-Mart"). Plaintiff Jennifer Bruney Richard ("Richard"), individually and on behalf of the estate of Dewey Bruney ("Bruney"), filed a Response to Wal-Mart's Motion For Summary Judgment. Wal-Mart filed a Reply to Wal-Mart's Motion For Summary Judgment.

### FACTS

Wal-Mart took out a life insurance policy for its employee Bruney on December 28, 1993.[1] Bruney died on January 19, 1996.[2] Wal-Mart, as the beneficiary, received the life

---

[1] Def.'s Mem. in Support of Mot. For Summary Judgment 2. AIG issued policy number 5006115346 to Wal-Mart. Def.'s Ex. 1.

[2] Def.'s Mem. in Support of Mot. For Summary Judgment 2; Def.'s Ex. 1.

insurance proceeds on November 27, 1998.[3] The background of Wal-Mart's Corporate Owned Life Insurance ("COLI") policies and subsequent litigation is discussed thoroughly in this court's Memorandum Ruling on Wal-Mart's Motion For Partial Summary Judgment as to Plaintiff's Unjust Enrichment Claim.[4]

Richard was apprised of her potential cause of action no later than between June 1, 2005, when she received a letter from her current attorney informing her of the life insurance policy, and June 24, 2005, when Richard's declaration was entered into a similar case.[5] The parties signed a "Tolling Agreement" that purported to toll statutes of limitations and prescription from January 6, 2006 until March 31, 2006, a total of eighty-five days.[6] The agreement also provided that Richard would not sue Wal-Mart while the agreement was in effect, but that either party could terminate the agreement by giving fourteen days written notice of termination.[7] Richard brought claims under LA. REV. STAT. ANN. § 22:613(B) and unjust enrichment in this court on August 24, 2006.[8] Richard's unjust enrichment claim was dismissed on May 21, 2007.[9]

---

[3] Def.'s Ex. 1.

[4] Mem. Ruling Granting Mot. For Partial Summary Judgment as to Pl.'s Claim of Unjust Enrichment 1-3.

[5] Def.'s Mem. in Support of Mot. For Summary Judgment 7; Def.'s Ex. 2. The letter to Richard states that the life insurance policy had a face value of $69,939. Def.'s Ex. 2. Further, Richard testified during deposition that she first learned of Wal-Mart's life insurance policy when she was sent the letter dated June 1, 2005. Def.'s Ex. 3.

[6] Reply Mem. to Pl.'s Mem. in Opposition of Def.'s Mot. For Summary Judgment, Ex. 1

[7] *Id.*

[8] Compl. (Aug. 24, 2006).

[9] Mem. Ruling Granting Mot. For Partial Summary Judgment as to Pl.'s Claim of Unjust Enrichment.

## RULE 56(c) STANDARD

A motion for summary judgment filed pursuant to Rule 56(c) of the Federal Rules of Civil Procedure should be granted if the file, including the opposing party's affidavits, demonstrate that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment, by identifying portions of pleadings and discovery that demonstrate the lack of a genuine issue of material fact for trial.[10] *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* "Mere conclusory allegations are not competent summary judgment evidence...." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Similarly, unsubstantiated assertions, improbable inferences and unsupported speculation are also not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1975). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party...." *Id.*

---

[10] A material fact is one that could impact the resolution of the case; factual disputes that are irrelevant or unnecessary do not warrant a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ANALYSIS

### A.) Type of Action

Richard's remaining claim arises under LA. REV. STAT. ANN. § 22:613(B), Louisiana's insurable interest statute. This statute provides a remedy:

> if the beneficiary, assignee or other payee under any contract made in violation of this Section receives from the insurer any benefits thereunder accruing upon the death, disablement or injury of the individual insured, the individual insured or his executor or administrator, as the case may be, may maintain an action to recover such benefits from the person so receiving them.

LA. REV. STAT. ANN. § 22:613(B). Section 22:613 does not specify a prescriptive period for insurable interest claims.[11] "The correct prescriptive period to be applied in any action depends on the nature of the action; it is the duty breached that should determine whether an action is in tort or contract." *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 886 (5th Cir. 2002).

Although Louisiana's Civil Code does not identify causes of action for "conversion," Louisiana courts have inferred causes of action for conversion from Codal articles. *See, e.g., Dual Drilling Co. v. Mills Equipment Investments, Inc.*, 1998-0343 (La. 12/1/98); 721 So.2d 853, 856. Like the other delictual actions, conversion has a one-year prescriptive period.[12] In Louisiana,

> conversion is committed when any of the following occurs: 1.) possession is acquired in an unauthorized manner; 2.) the chattel is removed from one place to another with the intent to exercise control over it; 3.) possession of the chattel is transferred

---

[11] LA. REV. STAT. ANN. § 22:613(B).

[12] LA. CIV. CODE ANN. art. 3492 establishes the one-year prescriptive period for delictual actions.

4

> without authority; 4.) possession is withheld from the owner or possessor; 5.) the chattel is altered or destroyed; 6.) the chattel is used improperly; or, 7.) ownership is asserted over the chattel.

*Id.* at 857.[13]

Louisiana distinguishes between contractual and delictual damages by stating "the former flow from an obligation contractually assumed by the obligor, whereas the latter flow from a violation of general duty owed by all persons." *Terrebonne*, 310 F.3d at 886. Contractual damages must arise from violating an actual contractual obligation. *Id.* at 887 n.44 (citing *State ex rel Guste v Simoni, Heck & Associates*, 331 So.2d 478, 490 (La. 1976)). A party alleging a contractual violation must articulate a breach of a specific contractual provision. *Id.* n.45 (citing *Harrison v. Gore*, 27254 (La. App. 2 Cir. 8/23/95); 660 So.2d 563, 568-69). Additionally, "even when a tortfeasor and victim are bound by a contract, courts usually apply the delictual prescription to actions that are really grounded in tort." *Trinity Universal Ins. Co. v. Horton*, 33-157 (La. App. 2 Cir. 4/5/00); 756 So.2d 637, 638.

Wal-Mart argues that Richard's claim sounds in conversion. Wal-Mart argues that Richard's claim turns on whether Wal-Mart had lawful justification to insure the lives of its employees. If Wal-Mart did not have an insurable interest, Wal-Mart would be required to return the property to Richard, which Wal-Mart argues is precisely the definition of conversion. Moreover, Wal-Mart points to *Mayo v. Hartford Life Ins. Co.*, where the U.S. Fifth Circuit had to determine the cause of action in a similar COLI lawsuit against Wal-Mart for a Texas plaintiff. 354 F.3d 400 (5th Cir. 2004). The Fifth Circuit determined that Mayo's insurable interest claim

---

[13] Conversion in Louisiana is a civil law tort, and is distinguishable from the strict liability tort of conversion found in common law jurisdictions. *Id.* at 857 n.3. In Louisiana, the plaintiff must demonstrate the defendant was at fault to recover for conversion. *Id.*

5

was grounded in conversion and unjust enrichment. *Id.* at 409-10.

By contrast, Richard argues that her claim sounds in contract, which has a ten-year prescriptive period.[14] To support her argument, she points to the language of LA. REV. STAT. ANN. § 22:613(B), which she argues clearly establishes that the cause of action was created to recover benefits paid under a contract. Richard argues that because the statute is limited to instances where benefits are paid under a specific contract, and only the individual insured or the estate of the insured may sue to recover benefits, that her claim must arise in contract. Richard also argues that because an insurance policy is a contract, this litigation is governed by a ten-year prescriptive period.

Section 22:613(B) is silent on the applicable prescriptive period. Accordingly, this court must first determine the nature of Richard's § 22:613(B) claim, and then it must ascertain the relevant prescriptive period. Richard's claim is not a contract action. To bring a contract action under Louisiana law, the parties must have an actual contractual agreement, and the plaintiff must allege a breach of a contractual provision. Richard does not allege the existence of a contract between Bruney and Wal-Mart, or between herself and Wal-Mart, and thus does not allege breach of a contractual term. The mere principle that insurance policies are contracts is insufficient to make Richard's claim arise in contract.

Rather, Richard's claim sounds in conversion. Richard maintains that Wal-Mart executed a life insurance policy on Bruney but lacked an insurable interest in Bruney's life.[15] As a representative from Bruney's estate, Richard argues that she is entitled to the benefits that AIG

---

[14] LA. REV. STAT. ANN. art. 3499.

[15] Compl. ¶¶18-21.

paid to Wal-Mart. Because Richard argues that Wal-Mart acquired the life insurance policy and its proceeds in an unauthorized manner, her action is delictual and is subject to Louisiana's one-year prescriptive period.[16]

### B.) Application of *Contra Non Valentem*

The one year prescription period for delictual actions commences from the date the injury or damage is sustained. LA. CIV. CODE ANN. art. 3492. This prescription statute is strictly construed against prescription and in favor of the obligation sought to be extinguished by it. *Wimberly v. Gatch*, 635 So.2d 206, 211 (La. 1994) (citations omitted). Both sides agree that Richard had actual notice by letter sent by her counsel dated June 1, 2005, which was received no later than June 24, 2005.

The doctrine of *contra non valentem*[17] is a judicially-created exception to the prescription rules, and it suspends prescription in four instances: 1.) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; 2.) where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting; 3.) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and, 4.) where some cause of action is not known or reasonably knowable by the plaintiff, even though his

---

[16] *See Terrebonne*, 310 F.3d at 886 (stating that a court first must ascertain whether the cause of action is in contract or tort before it can determine the proper prescriptive period); *see also* LA. CIV. CODE ANN. art. 3492 (establishing a one-year prescriptive period for delictual actions).

[17] Principles of equity underpin the doctrine of *contra non valentem*. *Terrebonne*, 310 F.3d at 885. *Contra non valentem* should apply when the plaintiff is prevented from bringing suit "for reasons *external to his own will*." *Id*. *Contra non valentem* does not apply when a plaintiff is able to bring suit but does not. *Id*.

ignorance is not induced by the defendant. *Terrebonne*, 310 F.3d at 884 n.37. The plaintiff bears the burden of showing why the claim has not prescribed. *Wimberly*, 635 So.2d at 211.

Richard argues that even if her claim is governed by a one-year prescriptive period, *contra non valentem* suspended prescription for the eighty-five days the Tolling Agreement was in effect. Richard filed suit one year and eighty-four days after the letter, which Richard argues makes the lawsuit timely filed.

Richard also argues that the pending Oklahoma lawsuit on Wal-Mart's COLI policies tolls the statute of limitations for absent class members for the time between the class action complaint and the denial of a motion to certify of the class, when after the denial of certification, individual members bring suit. Richard argues that her proposed amendment to the Oklahoma class action is sufficient because it provided Wal-Mart with notice of her claims. Richard argues that her statute of limitations was tolled until December 5, 2005, when the Oklahoma court decided not to hear the Louisiana claims.

Wal-Mart argues that Richard's claim is barred because she had actual notice of her legal cause of action no later than June 24, 2005, but did not file suit until August 24, 2006. Wal-Mart further argues that the Tolling Agreement did not suspend the one-year period because the Tolling Agreement did not bar Richard from filing suit at the expiration of the Agreement, nor did it prevent her from terminating the Tolling Agreement to file suit. Wal-Mart also argues that agreements to toll or suspend prescriptive periods are unenforceable in Louisiana. Wal-Mart further argues that the Oklahoma COLI class action lawsuit against Wal-Mart, *Lewis*, did not interrupt Richard's prescriptive period because she never commenced a suit in *Lewis*, as required by LA. CIV. CODE ANN. art. 3462.

"In Louisiana, it is well-settled that parties may not extend a period of prescription that is established by law. Any juridical act purporting to specify a longer period than established by law is null." *Finova Capital Corp. v. Short's Pharmacy, Inc.*, 39-642 (La. App. 2 Cir. 5/13/05); 904 So.2d 57, 60. Moreover, Louisiana courts have refused to recognize agreements that toll statutes of limitation. *See Smith v. Cutter Biological*, 99-CA-2068 (La. App. 4 Cir. 9/6/00); 770 So.2d at 409. Even assuming that *contra non valentem* interrupted prescription of Richard's claim until June 24, 2005, the Tolling Agreement does not interrupt prescription after June 24, 2005. Louisiana law is clear that parties may not extend prescriptive periods by private agreement.

Similarly, the pending class certification in Oklahoma is unavailing for Richard's argument because prescription is interrupted in Louisiana only when the plaintiff commences a suit by serving the defendant within the prescriptive period. LA. CIV. CODE ANN. art. 3462. Prescription may be interrupted even if the court lacks jurisdiction, but prescription is interrupted only as to the defendant served within the prescriptive period. *Id.* Because Richard failed to serve Wal-Mart in the prescriptive period, the fact that the class certification in Oklahoma was pending is unavailing.

IT IS ORDERED that Richard's claim arising under LA. REV. STAT. ANN. § 22:613(B) is DISMISSED.

Lake Charles, Louisiana, this ____ day of _____, 2007

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

9